Liberato v. Mott                                                                        Doc. 2

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 0 1 2005
JOHN F. CORCORAN, CLERK
BY:
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARIO PIEDRO LIBERATO, ) | Civil Action No. 7:05-CV-328 |
| Petitioner, ) | Criminal Action No. 5:04-CR-30037 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Mario Piedro Liberato filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. However, upon review of the record, the court finds that Liberato's § 2255 motion is premature because his conviction is not yet final. Accordingly, the court will file and dismiss this motion without prejudice.

**I.**

May 6, 2005, Liberato pled guilty and was convicted for conspiracy to distribute and possess with intent to distribute cocaine, marijuana, and methamphetamine; and illegal reentry after previous deportation. On May 16, 2005, Liberato directly appealed his conviction to the Fourth Circuit in a timely fashion; and on May 19, 2005, that court appointed counsel to represent him on appeal. Thus, Liberato's direct appeal is now pending.

**II.**

It is well established that except in exceptional circumstances not present here, a §2255 motion should not be heard while a direct appeal is pending. See Bowen v. Johnston, 306 U.S. 19, 26-27 (1939). Clearly, rulings by the Court of Appeals during appellate proceedings could moot the issues raised in Liberato's §2255 motion. Therefore, the court will file Liberato's §2255

Dockets.Justia.com

motion for administrative purposes only and dismiss it without prejudice. Liberato may refile his §2255 motion once direct appeal proceedings have concluded.[1]

### III.

For the reasons stated, the court dismisses this § 2255 motion without prejudice.

**ENTER**: This 31st day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court's ruling today will not affect Liberato's right to bring a timely §2255 motion. The one-year statutory filing period for §2255 motions does not begin to run until the defendant's conviction becomes final---90 days after completion of direct appeal proceedings at the Court of Appeals or on the date when the United States Supreme Court denies a petition for writ of certiorari (if the defendant pursues such a petition). See United States v. Clay, 123 S. Ct. 1072 (2003).